■ JESSIE E. BREIER et al., Respondents, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, and AETNA INSURANCE COMPANY, Respondent. — Judgment, Supreme Court, New York County, entered October 22, 1979, which awarded the plaintiffs attorneys' fees as against the defendant Government Employees Insurance Company's (GEICO) no-fault lien, unanimously reversed, on the law, to the extent appealed from and the complaint dismissed, without costs. Plaintiff Breier, injured in an accident, received no-fault benefits of some $20,000 from the defendant GEICO. She settled her negligence claim for $92,000, and GEICO claimed its lien on the proceeds of that settlement, which amount was held in escrow by the insurance company which settled the case. The plaintiffs Sirota & Kurta were the attorneys for Breier in the accident case on a contingency fee of one third of the recovery. In this action, plaintiff Breier sought to invalidate GEICO's no-fault lien, and her counsel claimed one third of the amount for their services. The court at Special Term properly rejected plaintiff Breier's attempt to invalidate the lien, but it awarded the counsel the one-third contingency fee on the 20,000 odd dollar lien. There is some question as to whether there was a default by the defendant GEICO at Trial Term (CPLR 5511). However, the judgment recites an appearance and that the issue had been tried. Therefore, the appeal is properly before this court. While the services of counsel led to the availability of the fund against which GEICO placed its lien, the contingency fee arrangement between the plaintiff Breier and her counsel could not be enforced against the lienor, and so the judgment for counsel fees must be reversed. Some of us feel that there might be a claim in *quantum meruit,* but we do not reach that

aspect. Concur — Kupferman, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.