OPINION OF THE COURT
Harold Tompkins, J.
Plaintiff, an attorney, in a personal injury case seeks to recover as part of her fee, a portion of a reimbursement made by one insurance carrier to another in discharge of a lien acquired pursuant to section 673 of the Insurance Law, for no-fault benefits previously paid to her clients.
Plaintiff, Sylvia Miller, is a practicing attorney. In 1977, she commenced an action on behalf of three individuals injured in an automobile accident on January 13, 1977.[1]
*714 The defendant in this action, Maryland Casualty Company, paid to plaintiff’s respective clients the total sum of $24,195.70 in no-fault benefits as insurance carrier for Yvonne Hubert, the owner of the vehicle.
Prior to trial a settlement was reached in that action whereby the plaintiff’s clients would receive a total of $22,500 from the defendant Aberdeen Associates by its insurance carrier. The stipulation of settlement also provided for a reimbursement by the carrier for Aberdeen Associates to Maryland Casualty Company of 90% of the no-fault benefits paid by Maryland Casualty Company to the injured plaintiffs or $21,776.12.
Pursuant to the retainer agreement between the plaintiffs and their attorney, Ms. Miller received approximately one third of the proceeds paid to her clients under the terms of the settlement.
Plaintiff herein then commenced this action against Maryland Casualty, the carrier for Yvonne Hubert, seeking one third of the reimbursement made to Maryland Casualty on the ground that plaintiff’s services resulted in the creation of the fund and as a result of plaintiff’s efforts, defendant has been unjustly enriched in the amount of one third of the reimbursement.
Defendant, in support of its motion for summary judgment, relies on the case of Breier v Government Employees Ins. Co. (79 AD2d 967). There, the plaintiff who had been injured in an automobile accident received $20,000 in no-fault benefits from the defendant insurance carrier. Her claim was subsequently settled for $92,000 and the carrier claimed its lien acquired under section 673 of the Insurance Law on the proceeds of that settlement.
The plaintiffs’ attorneys had been retained on a one-third contingency fee basis. They sought to recover as their fee, not only one third of the settlement, less the carrier’s lien, or one third of $72,000, but they also claimed one third of the $20,000 lien. The lower court at Special Term granted the relief requested by plaintiffs’ attorneys and awarded them one third of the $20,000 lien. The Appellate *715 Division reversed. In so doing, the court held that although the services of counsel led to the availability of the fund against which the defendant placed its lien, the contingency fee arrangement between the plaintiff and her counsel could not be enforced against the lienor. In dicta, the court added (pp 967-968): “Some of us feel that there might be a claim in quantum meruit, but we do not reach that aspect”.
The defendant herein argues that Breier v Government Employees Ins. Co. (supra) is controlling and requires dismissal of the complaint. Plaintiff, on the other hand, contends that this being a case for recovery in quantum meruit is the type of action the court alluded to in the aforementioned dicta, and, as such, is a case of first impression. The question presented herein, plaintiff argues, is whether the defendant insurance carrier should be allowed to be made whole by way of the reimbursement, when it was counsel’s efforts that produced this result. Plaintiff requests that it be granted summary judgment on its cross motion for one third of the reimbursement, or, in the alternative, that this matter be set down for a hearing to determine the reasonable value of plaintiff’s services.
The facts before this court are somewhat different than those involved in Breier (supra). Here, unlike Breier, the attorney received its full fee of the moneys received by its clients under the settlement. In Breier, the action was settled for a lump sum and the insurance carrier then asserted its lien against the settlement proceeds. In this case, the lien was satisfied pursuant to the terms of the settlement agreement which provided at paragraph 4: “That in addition to the payments to be made by the defendant, Aberdeen Associates, Inc. to the plaintiffs, the defendant Aberdeen Associates, Inc. will pay to the insurance carrier for Yvonne Hubert such sums as may be necessary to settle and discharge any and all liens which the Maryland Casualty Company may have acquired by payments under the Automobile Comprehension [sic] Reparations Act to the plaintiffs”.
The settlement proceeds received by plaintiff’s clients were in no way affected by the reimbursement. Pursuant to the terms of the stipulation of settlement agreed to by all *716 parties, the lien defendant Maryland Casualty Co. could have asserted under section 673 of the Insurance Law against the settlement proceeds received by plaintiffs was discharged by the 90% reimbursement made by the contractor’s insurer to Maryland Casualty Co. Therefore, unlike Breier (supra), the lien for no-fault benefits paid has not been asserted. In Breier, the lien was asserted against the settlement and counsel sought to reduce it by one third.
Plaintiff, therefore, has based her claim to a portion of the reimbursement on the theory of quantum meruit, and claims that if defendant is not required to share the costs of plaintiff’s legal services, defendant will be unjustly enriched. In this regard, plaintiff relies upon the dicta in Breier, which alludes to a possible, cause of action in quantum meruit, where the facts involved there are present.
This court does not believe that the instant case has the factual setting that was being considered by the Appellate Division in Breier when it indicated that some of the Judges thought there might be a claim in quantum meruit. There are a number of factors which lead the court to this determination.
Initially, it should be pointed out that the defendant’s lien has been discharged by the terms of the settlement which was agreed to by plaintiff and her clients.
Secondly, plaintiff did not perform any services on behalf of defendant in the discharge of defendant’s lien. The reimbursement was negotiated solely between the two insurance carriers.
Finally, defendant sets forth a letter agreement dated January 27, 1981, in which plaintiff’s attorney in this action represented to counsel for the defendant that “As attorney for the plaintiff, that no claim will be made that Sylvia Miller or myself or any other person acting in behalf of the three named parties had any part in the negotiations which resulted in the payments made to Maryland Casualty Company in settlement of its claim”.
*717 If plaintiff did not participate in the settlement between the insurance carriers of defendant’s no-fault lien and stipulated to this fact during this lawsuit an action for quantum, meruit recovery could not be established.[2]
In order to recover in quantum meruit, a party has the burden of establishing performance, the work or services performed, the value of such work or services and the nexus between the performance of the services and the liability to pay therefor (50 NY Jur, Restitution, § 74). It cannot be said that plaintiff has, or could possibly at trial, establish any of these prerequisites for a recovery in quantum meruit.
Furthermore, the stipulation entered into by the parties settling the action commenced by plaintiff on behalf of her clients, was agreed to by plaintiff. If plaintiff felt strongly that the settlement should contain a provision for her to receive a portion of the reimbursement for no-fault benefits paid, she should not have agreed to the settlement absent such a provision.
Moreover, plaintiff’s contention throughout its papers, that defendant has been unjustly enriched by the reimbursement is without merit. The cases cited by plaintiff all involve situations where a party has been put in a better position than it was in prior to the litigation as a result of the attorney’s efforts, and here, not only was the reimbursement created without any effort on the part of plaintiff, but defendant is in no better position than it was in prior to the litigation. In fact, defendant may have suffered a loss as a result of the settlement, since, if the case had gone to trial and plaintiff prevailed against the defendant Aberdeen Associates, defendant herein would have had a lien on the plaintiff’s recovery in the full amount of no-fault benefits paid. Whereas, under the stip *718 ulation, defendant only received 90% of the no-fault benefits paid.
Based upon the foregoing, the complaint is dismissed.

. The accident was caused by the dislodging of a steel plate covering an excavation which resulted in plaintiff’s client’s vehicle plunging into the excavation. The action was *714 commenced in United States District Court against the City of New York, Con Edison (the party responsible for the excavation), and Aberdeen Associates (the contractor that placed the steel plate over the excavation). Defendant Aberdeen then joined the owner of the vehicle, Yvonne Hubert, as third-party defendant.

. If plaintiff had not received any portion of the fee agreed to between plaintiff and her clients, she could seek recovery pursuant to the lien specifically provided for in section 475 of the Judiciary Law. Section 475 allows for the enforcement of the lien against a recovery in “whatever hands [it] may come”. Moreover, the lien “cannot be affected by any settlement” (Judiciary Law, § 475). However, the section 475 lien is inapplicable in this case since, by receiving one third of her clients’ recovery, plaintiff has received her entire fee under the retainer agreement entered into with her clients. Accordingly, no lien could be acquired under the facts presented herein.