[722 NYS2d 641]

ALLSTATE INSURANCE COMPANY, Appellant, v DEBRA A. DEN-
BLEYKER, Respondent, et al., Defendants.

Fourth Department, March 21, 2001

### APPEARANCES OF COUNSEL

*Smith Sovik Kendrick & Sugnet,* Syracuse (*Gabrielle Mar-
dany Tucci* of counsel), for appellant.

*James Lee Alexander,* Syracuse, for respondent.

### OPINION OF THE COURT

PIGOTT, JR., P. J.

At issue on this appeal is whether an insured is entitled to a

reduction in the amount of the no-fault insurer's lien for additional personal injury protection (APIP) benefits paid by the no-fault insurer to contribute to the attorneys' fees of the insured in the underlying personal injury action. Plaintiff, Allstate Insurance Company (Allstate), contends that Supreme Court erred in denying its cross motion to enforce its lien for APIP benefits paid by Allstate on behalf of Debra A. Denbleyker (defendant), its insured, and in granting the motion of the attorneys for defendant seeking a one-third reduction in the amount of the lien. We agree.

The relevant facts are not in dispute. On November 5, 1996, defendant was involved in a motor vehicle accident, sustaining serious personal injuries. She was covered under a policy of automobile liability insurance issued by Allstate.

Allstate, as defendant's no-fault insurance carrier, paid out $50,000 in personal injury protection (PIP) benefits, and $26,000 in APIP benefits. Defendant's insurance policy with Allstate contains a provision entitled "Subrogation Rights," which provides as follows:

> "When **we** pay, an insured person's rights of recovery from anyone else become **ours** up to the amount **we** have paid. The insured person must protect these rights and help **us** enforce them" (emphasis in original).

Defendant's underlying personal injury action was settled for $1,150,000. Following the settlement, the attorney who represented defendant in the underlying personal injury action contacted the attorney for Allstate and stated that his firm was entitled to one third of Allstate's lien for APIP benefits as attorneys' fees pursuant to *Matter of Kelly v State Ins. Fund* (60 NY2d 131). Allstate responded that the attorney was not entitled to any portion of Allstate's lien because there were no such *"Kelly* rights" in automobile insurance subrogation matters.

Thereafter, defendant's attorneys made a motion to reduce the amount of Allstate's lien for APIP benefits by one third as contribution toward their attorneys' fees. In a supporting affirmation, the attorney who represented defendant in the underlying personal injury action stated that the settlement obtained in the personal injury case was due solely to the efforts of his firm in representing Allstate's insured and asked that the Allstate lien of $26,000 be reduced by one third,

representing the lienor's contribution toward the attorneys' fees..

Allstate opposed the motion and cross-moved to enforce its lien in the amount of $26,000, the APIP benefits paid by Allstate on behalf of its insured, pursuant to its subrogation rights under the policy. In a supporting affidavit, Allstate's attorney averred that there is no case law to support the position of defendant's attorneys that *"Kelly* rights" apply to no-fault subrogation rights.

In granting the motion of defendant's attorneys, Supreme Court relied upon *Matter of Richards v United Health Servs.* (121 AD2d 68), concluding that the defendant's attorneys "created a fund" that would benefit Allstate and thus "have a right to reasonable compensation from the fund." That was error. *Matter of Richards* is distinguishable on its facts, and has no applicability to this case.

*Matter of Kelly v State Ins. Fund (supra)* is likewise inapplicable to this case. *Kelly* was decided under section 29 of the Workers' Compensation Law and addresses specific statutory rights and obligations of employees and compensation carriers with respect to actions arising out of injuries caused by third-party tortfeasors. Thus, defendant's attorneys are not entitled to any recovery against the lien amount based on the so-called *"Kelly* fee" principle.

Rather, as Allstate correctly notes, the precise issue raised herein was addressed by the First Department in *Breier v Government Empls. Ins. Co.* (79 AD2d 967). On similar facts, the Court in *Breier* determined that, "[w]hile the services of counsel led to the availability of the fund against which [the insurer] placed its lien, the contingency fee arrangement between the [insured] and her counsel could not be enforced against the lienor" *(Breier v Government Empls. Ins. Co., supra,* at 967). We agree with that reasoning. Here, although the services of defendant's attorneys led to the availability of the fund against which Allstate placed its lien, the contingency fee agreement was between the defendant and her attorneys and cannot be enforced against one not a party to the agreement, in this case the lienor *(see, Breier v Government Empls. Ins. Co., supra).*

Accordingly, we conclude that the order should be reversed, the motion of defendant's attorneys denied, and the cross motion of Allstate granted.

PINE, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order unanimously reversed, on the law, without costs, motion denied and cross motion granted.