■ In the Matter of the Claim of JOSEPHINE BOCCIA, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Per Curiam. Motion for reargument granted. Respondent board's brief seems to concede that the issues concerning substantial evidence of an occupational disease and hearsay evidence were properly before us; and, upon reargument, we examine the merits. On the first issue we find that the medical evidence supplied by Dr. Sherman supports the board finding that the occupational strains to which decedent was subjected provided a competent producing cause of the bilateral hernia which led to his death. Dr. Sherman testified only to a possible predisposition and not to an actual pre-existing hernia (Matter of Zecca v. Levisohn & Co., 12 A D 2d 676, mot. for lv. to app. den. 9 N Y 2d 610; Matter of Nardo v.

*Rheinstein Constr. Co.*, 7 A D 2d 689, mot. for lv. to app. den. 5 N Y 2d 709). Since this evidence indicates that the occupational strains produced the hernias and did not merely aggravate a pre-existing hernia, an occupational disease is adequately established (*Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102). As to the second issue, the board was free to re-evaluate decedent's own testimony as to his duties given at the prior hearings on the disability claim in light of the additional testimony of others taken on the death claim, all of which was by no means derived from statements to them by decedent, so that, upon all of both records, it cannot be said that the evidence is based entirely on hearsay or that hearsay was corroborated merely by other hearsay. Accordingly, we adhere to our prior determination and the decision of the Workmen's Compensation Board is affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.