OPINION OF THE COURT
Chief Judge Cooke.
When a workers’ compensation claimant recovers damages in a third-party action, the compensation carrier’s equitable share of litigation costs incurred by the claimant may be apportioned on the basis of the total benefit that the carrier derives from the claimant’s recovery. In the present matter, therefore, it was proper for the Surrogate’s Court to have assessed the carrier’s equitable share of the costs of litigation as a percentage of the total of the amount of past benefits paid (which the carrier will recoup by enforcing its lien in that amount on the recovery) and the present value of estimated future benefits to claimant (which the carrier will not have to pay because of claimant’s recovery).
Petitioner, executrix of her deceased husband’s estate, received workers’ compensation death benefits after her husband was killed in a construction accident. She later brought actions for wrongful death and for conscious pain and suffering against the City of New York, the general contractor for the construction project, and several other contractors. Damages were recovered in the amount of $315,000.
Petitioner applied to the Surrogate’s Court for a distribution of the recovery proceeds. At the time of the application, the compensation carrier, appellant here, had made periodic payments to petitioner totaling, with interest, $54,027.56. The court determined that, pursuant to section 29 of the Workers’ Compensation Law, the compensation carrier had a lien on petitioner’s recovery in this amount. Under this same statute, petitioner was deemed to be entitled to have the costs she incurred in bringing the action, including her attorney’s fee, apportioned between *136 herself and the carrier according to the relative benefit derived by each party from the recovery. Petitioner’s costs in bringing the action constituted 34.27% of the total recovery. The carrier’s equitable share of the litigation costs was held to be a pro rata share of the total amount of the recovery inuring to the benefit of the carrier. The court reasoned that inasmuch as the carrier stood to gain by the recovery in two ways — by recouping past compensation paid and by being relieved of its future obligation to pay compensation — the carrier’s share of litigation costs should reflect both of these benefits. Accordingly, the carrier’s lien on petitioner’s recovery was offset by 34.27% of past benefits paid and the present value of estimated future benefit payments that were not necessary due to the recovery.
The Appellate Division affirmed for the reasons stated by the Surrogate’s Court and granted leave to appeal to this court on a certified question. This court answers the certified question in the affirmative and affirms the order of the Appellate Division.
Section 29 of the Workers’ Compensation Law governs the rights and obligations of employees, their dependents, and compensation carriers with respect to actions arising out of injuries caused by third-party tort-feasors. A claimant has the first right to bring a third-party action, and, while undertaking such an action, may continue to receive compensation benefits (Workers’ Compensation Law, § 29, subd 1).* In the event that a claimant recovers in a third-party action, the compensation carrier is granted a lien on the amount of the recovery proceeds equal to the amount of past compensation it has paid, with interest (id.). The lien, however, is subordinate to a deduction for costs and attorney’s fees (id.). The statute was amended in 1975 (see L 1975, ch 190) to also provide: “Should the employee or his dependents secure a recovery from [a third party], whether by judgment, settlement or otherwise, such employee or dependents may apply on notice to such lienor to the court in which the third party action was instituted, or to a court *137 of competent jurisdiction if no action was instituted, for an order apportioning the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery. Such expenditures shall be equitably apportioned by the court between the employee or his dependents and the lienor” (Workers’ Compensation Law, § 29, subd 1).
Appellant argues that the Legislature, in amending section 29 to provide for apportionment of litigation costs, limited the scope of a third-party recovery that benefits the carrier, against which the carrier’s share of litigation costs may be assessed. It is contended that while the purpose of section 29 is to encourage employees, or their dependents, to pursue a third-party recovery, the lien provision is of equal importance as it accords the carrier an opportunity to recoup past compensation paid, should a recovery in the third-party action be had, and thereby prevents double recovery. The 1975 amendment, it is urged, contemplates that the carrier should assume only the proportionate costs incurred in recovering the lien amount; it was not intended to eviscerate the lien by also assessing costs against the speculative amount of benefit inuring to the carrier from being relieved of its obligation to make future payments (see Castleberry v Hudson Val. Asphalt Corp., 70 AD2d 228, 230-235). This argument is unpersuasive.
Prior to the amendment of section 29, an insured employee who recovered against a third party an amount greater than his or her statutory entitlement to compensation bore the entire costs of litigation and paid the lien amount out of the remaining recovery proceeds (see Memorandum of NY Law Rev Comm. McKinney’s Session Laws of NY, 1975, p 1551; see, also, Becker v Huss Co., 43 NY2d 527). As a result, carriers reaped significant benefits at a claimant’s expense. The Law Revision Commission, advocating change in the law, noted that “when the excess is modest or non-existent, the employee, who has gone to the trouble and expended the time required to make the lawsuit a success, finds that after his own lawyer’s and the carrier’s liens have been paid off, there is little or no net recovery left for him” (id., at p 1552).
The impetus for amending the law to provide for allocation of litigation costs between the employee and the *138 carrier, therefore, was the desire to stem the inequity to the claimant, arising when a carrier benefits from an employee’s recovery while assuming none of the costs incurred in obtaining the recovery, and to ensure that the claimant receives a full measure of the recovery proceeds in excess of the amount of statutory benefits otherwise due the claimant. It was determined that these interests would be most effectively served by equitably apportioning litigation costs. This concept was purposely adopted to avoid “rigid statutory formulas” and to implement a “practical and flexible” approach towards ensuring that a compensation carrier assumes its fair share of the costs of litigation (see Memorandum of NY Law Rev Comm, op. cit., p 1553; see, also, Becker v Huss Co., 43 NY2d 527, 543, supra). It is evident that the determination of what constitutes equitable apportionment of costs has been left to the courts (Becker v Huss Co., supra, at p 544). When an employee brings a third-party action and recovers an amount greater than the amount of his or her statutory entitlement to compensation, there is no question that the carrier benefits not only by the recovery of its lien but also by the value of estimated future compensation payments that, but for the employee’s efforts, the carrier would have been obligated to make. There being nothing in the amendment, either express or implied, limiting a court’s power to assess costs against a carrier’s relief from its obligation to pay future benefits, the purpose of the amendment is served by an allocation formula that takes into consideration the full benefit a carrier receives from an employee’s recovery in a third-party action.
This conclusion comports with the law governing situations in which the employee’s recovery is less than its statutory entitlement to compensation — the so-called “deficiency” cases. When an employee brings a third-party action and recovers an amount less than his or her statutory entitlement to compensation, the compensation carrier must award compensation for the deficiency “between the amount of the recovery * * * actually collected, and the compensation provided or estimated by this chapter” (Workers’ Compensation Law, § 29, subd 4). This provision has been construed to mean that in a deficiency case the *139 amount “actually collected” by the employee is the recovery proceeds remaining after deduction for litigation costs (see Matter of Curtin v City of New York, 287 NY 338, 340-344). Therefore, the carrier assumes the entire cost of obtaining the recovery, as its responsibility to make payments is reduced only by the amount “actually collected” by claimant. Obligating the carrier to assume all litigation costs in a deficiency case is based on the principle that when “one person without fault incurs expenses in creating a fund which inures to the benefit of another, he [or she] should be reimbursed from that fund for the expenses so incurred” (Matter of Curtin v City of New York, supra, at p 343). In a deficiency case the proceeds of recovery inure only to the benefit of the carrier because it relieves the carrier, for a time, from paying regular compensation benefits. The employee has received no real benefit because he or she has not received anything that would not otherwise have been forthcoming had the third-party action never been brought. The concept that the carrier should be responsible for the costs in obtaining a recovery, to the full extent that it is benefited by the recovery, is no less relevant when the claimant receives a benefit from a recovery in excess of his or her statutory entitlement than in a deficiency case when the claimant has received none.
Furthermore, the value of future compensation payments that a carrier has been relieved of paying due to a third-party recovery is not so speculative that it would be improper to estimate and to assess litigation costs against this benefit to the carrier. Indeed, when it is the carrier that brings a third-party action, the statute specifically authorizes determining the amount of excess recovery owing to the employee by estimating the “probable total amount” of future compensation “upon the basis of the survivorship annuitants table of mortality, the remarriage tables of the Dutch Royal Insurance Institution and such facts as * * * may [be] deem[ed] pertinent” (Workers’ Compensation Law, § 29, subd 2).
Finally, permitting courts when apportioning litigation costs to consider the extinguishment of a carrier’s future obligation to make compensation payments as a relative benefit to a carrier does not compromise the principle *140 behind the granting of a carrier’s lien. The lien serves to permit carriers to recoup past outlays of compensation and to avoid a double recovery by the claimant for the same predicate injury (see Matter of Granger v Urda, 44 NY2d 91, 97). It was the very fact that carriers were permitted this benefit at a claimant’s expense that formed a principal basis for the amendment of the law. Assessing costs against the full amount of the recovery inuring to the carrier’s benefit in no way vitiates a carrier’s right to recoup past benefits paid. The right to a lien remains intact. The carrier must, however, contribute the costs of litigation in proportion to the benefit it has received. Offsetting the carrier’s lien by its equitable share of litigation costs does no more than provide a convenient and practical means of settling accounts between the claimant and the carrier. And inasmuch as the claimant’s recovery has already been reduced by the full costs incurred in the action, no double recovery is had.
Appellant makes an additional point that merits brief discussion. Appellant notes that it is not only decedent’s employer’s compensation carrier, but it is also the employer’s liability carrier. In this latter capacity, it has had to pay damages on behalf of the employer who was impleaded in petitioner’s third-party action and ultimately was held to be partially liable for decedent’s accident. Appellant argues that, in these circumstances, the rationale underlying equitable apportionment of litigation costs does not apply because the carrier’s interests in recouping or extinguishing compensation payments no longer conform with the employee’s interest in obtaining a recovery. Indeed, the carrier’s interest is adverse to that of the claimant insofar as the carrier, as liability insurer, will be liable on the judgment over. Therefore, it is contended, the carrier should not be required to bear the employee’s costs in bringing the action, at least to the extent that liability has been apportioned to it.
Although this contention has met with some support in the lower courts (see France v Abstract Tit. Div. of Tit. Guar. Co., 57 AD2d 721, mod 43 NY2d 527; Myers v Cornell Univ., 97 Misc 2d 195), it is inconsistent with the purpose of requiring equitable apportionment of litigation costs. *141 Quite simply, that a compensation carrier may wear a second hat as a liability carrier is irrelevant to determining the benefit it receives from an employee’s recovery in a third-party action. A claimant has no control over an employer’s choice of insurance companies or the employer’s impleader in a third-party action. An employee’s right to bring a third-party action is in no way restricted by the potential for the shifting of ultimate liability, in whole or in part, to the employer and, consequently, the employee’s concomitant right to equitable apportionment of litigation costs should be similarly unaffected (Matter of Van Deusen v United States Fid. & Guar. Co., 81 AD2d 1026).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, etc.

 If a claimant fails to bring a third-party action within six months of being awarded compensation, the carrier has the right to bring the action on behalf of the claimant provided that the employee has been given 30 days’ notice (see Workers’ Compensation Law, §'29, subd 2).