OPINION OF THE COURT
Thomas E. Mercure, J.
The plaintiff Anthony N. Wood, in the above-entitled actions, here moves for an order apportioning legal fees and expenses pursuant to subdivision 1 of section 29 of the Workers’ Compensation Law.
On July 14, 1978, Anthony N. Wood sustained a severe and permanent injury while an employee of the Town of Stillwater Highway Department. Plaintiff Anthony N. Wood brought an action against the Firestone Tire and Rubber Company who, as third-party plaintiffs, brought *813 the Town of Stillwater into the action. The plaintiff’s action was settled after five days of trial for $1,100,000 without obtaining the consent of the workers’ compensation carrier or the board. Prior to that time, the workers’ compensation carrier had paid $63,069.71 in both compensation and medical payments, for which the carrier has a lien.
Anthony N. Wood, the petitioner herein, contends that the facts and law of the instant case lie fully and squarely within the precepts of Matter of Kelly v State Ins. Fund (60 NY2d 131).
Said precepts being, in essence, as follows:
1) It is proper to take into consideration, and accept in assessing the carrier’s equitable share of the cost of litigation, the present value of estimated future benefits to the claimant.
2) The value of future benefits is not so speculative that it cannot be estimated.
3) The court can equitably determine the offset against a carrier’s lien.
In opposition, the Saratoga County Self-Insured Plan, the respondent, by its attorneys, contends:
1) The “total benefit theory” espoused in the Kelly case (supra), must also take into consideration the theory of future risk and liability of the carrier in the nature of payment for the consequential death of an employee.
2) The assumptions made by plaintiff’s expert in computing equitable apportionment are not realistic or supported by the record.
3) To rigidly apply the plaintiff’s analysis and methodology would compel the court to extinguish the Self-Insured County’s lien in its entirety, posing a message to the insurance industry as a whole that payment of medical bills and compensation benefits create a litigation fund for the plaintiff and an inducement of the trial bar to prolong litigation.
A fundamental principle of section 29 of the Workers’ Compensation Law is to protect the worker, not his employer. The statute is remedial and must be construed *814 liberally in favor of an employee. (Matter of Illaqua v Barr-Llewellyn Buick Co., 81 AD2d 708.) The primary legislative intent in drafting the statute was fairness to the employee. (McKinney’s Session Laws of NY, 1975, p 1551.)
This court, in its interpretation of section 29 and its application herein, must be guided by Matter of Kelly v State Ins. Fund (supra), wherein the facts are similar and the relief requested is also the same.
In Matter of Kelly (supra), petitioner, executrix of her deceased husband’s estate, received workers’ compensation death benefits after her husband was killed in a construction accident. She later brought actions for wrongful death and for conscious pain and suffering against the City of New York, the general contractor for the construction project, and several other contractors. Damages were recovered in the amount of $315,000. Petitioner applied to the Surrogate’s Court for a distribution of the recovery proceeds. At the time of the application, the compensation carrier had made periodic payments to petitioner totaling, with interest, $54,127.56. The court determined that, pursuant to section 29 of the Workers’ Compensation Law, the compensation carrier had a lien on petitioner’s recovery in this amount. Under this same statute, petitioner was deemed to be entitled to have the costs she incurred in bringing the action, including her attorney’s fees, apportioned between herself and the carrier according to the relative benefit derived by each party from the recovery. Petitioner’s costs in bringing the action constituted 34.27% of the total recovery. The carrier’s equitable share of the litigation costs was held to be a pro rata share of the total amount of the recovery inuring to the benefit of the carrier, and the carrier’s lien on petitioner’s recovery was offset by 34.27% of past benefits and the present value of estimated future benefit payments that were not necessary due to the recovery. The Appellate Division affirmed, for the reasons stated by the Surrogate’s Court.
The Court of Appeals affirmed the order of the Appellate Division, holding, in an opinion by Chief Judge Cooke, that when a workers’ compensation claimant recovers damages in a third-party action, the compensation carrier’s equitable share of litigation costs incurred by the claimant may *815 be apportioned on the basis of the total benefit that the carrier derives from the claimant’s recovery, and that accordingly, the carrier’s equitable share of the costs of litigation was properly assessed as a percentage of the total of the amount of past benefits paid (which the carrier will recoup by enforcing its lien in that amount on the recovery) and the present value of estimated future benefits to claimant (which the carrier would not have to pay because of claimant’s recovery). There is nothing in the statute limiting assessment of costs against a carrier’s relief from its obligation to pay future benefits, and the purpose of the statute is served by an allocation formula that considers the full benefit a carrier receives from an employee’s third-party recovery. The value of future compensation payments that a carrier has been relieved of paying due to a third-party recovery is not so speculative that it is improper to estimate and to assess litigation costs against this benefit to the carrier, and permitting courts when apportioning litigation costs to consider the extinguishment of a carrier’s future obligation to make compensation payments as a relative benefit to a carrier does not compromise the principle behind the granting of a carrier’s lien.
Petitioner has tendered, at the time of argument on the motion, a sworn affidavit from an economist, Thomas R. Kershner, who concluded upon calculation that the present value of estimated future benefits to the plaintiff which the Saratoga Self-Insurance Plan will not have to pay is $278,322. Mr. Kershner, in his analysis of the replacement of Mr. Wood’s compensation payments, notes that the petitioner would receive $6,947 per year for his life expectancy of 49 years. Utilizing a discount rate of 9.4% (said rate determined by the calculated rates of return on prime paper for the past 10 years) resulted in the discounted present value of the cost of providing $6,947 per year as $76,855. This figure is not refuted by respondent.
The expected cost of petitioner’s future medical costs were treated in a similar manner by Mr. Kershner, but further factored in an anticipated rise in medical costs of 9.9% per annum. Discounting the whole by 9.4%, Mr. Kershner arrived at a discounted present value of anticipated cost of medical expenses at $201,457. This figure is *816 contested by respondent in its attorney’s affidavit on two grounds: (1) that the base annual medical expense figure is exaggerated by incorporating visits to doctors at the request of attorneys, and (2) that the increase in medical expense of 9.9% is not justified. However, respondent’s arguments evidence no basis in fact and offer no aid to this court.
Respondent argues that it is realistically, and potentially, liable for the present value of death benefits of $108,287 to petitioner and his family and that any analysis of the future benefit theory must take into consideration this exposure. Respondent argues that this exposure is premised upon the fact that the plaintiff “could expire leaving a wife and two young children entitled to death benefits under the New York State Workers Compensation Law, claiming a consequential death”. Respondent argues that it contacted an actuary and pension analyst and based upon the Dutch Royal Tables and Bulletin 222A of the Workers’ Compensation regulations, it was advised that the present value of that exposure is $108,287.
Respondent argues that the following calculations should be used in equitably apportioning the lien.
Collection of payouts (lien & interest) $ 64,015.75
Plus extinguishment of discounted future payments to plaintiff 76,855.00
Plus extinguishment of discounted future payment of medical expenses 40,258.43
$181,129.18
Less (death benefit risk) 108,287.00
Total county benefit $ 72,842.18
Respondent argues that the equitable apportionment should be computed as follows:
Attorney’s fees & disbursements _ Equitable apportionment Total Recovery Total County Benefits
$ 366.667 = x
$ 1,100,000 $ 72,842.18
Respondent contends that X equals $24,281.09. Respondent argues that, after subtracting the equitable appor *817 tionment ($24,281.09) from the lien with interest added ($64,015.75) the lien should be equitably apportioned to $39,191.14.
Respondents’ first argument that the future benefit theory espoused in Matter of Kelly (60 NY2d 131, supra), must also take into consideration the future risk to the carrier occasioned by the causally related death of plaintiff and the subsequent possible payments of death benefits to his widow and children, has no merit. Payments of workers’ compensation benefits to plaintiff and death benefits to his wife and children are the subject of two separate and diverse statutory schemes, respectively, section 29 of the Workers’ Compensation Law and section 16 of the Workers’ Compensation Law. (See Matter of Boccia v City of New York, 24 AD2d 727, affd 18 NY2d 804.) To anticipate a wrongful death action in the instant case, where there is no evidence presented, would be pure conjecture and speculation, at best. As to the petitioner, his claims are extinguished by settlement herein, and the carrier’s liability to petitioner, past and future, is also extinguished thereby. The carrier may not inject a possible action brought by different parties on a different statutory scheme (Workers’ Compensation Law, § 16) and based on a separate fund to establish a possible liability based on conjecture alone.
Respondent herein has defended against the instant motion on the basis of an attorney’s affidavit. Its computations, leading to a partial extinguishment of its lien, are not supported by fact and are mere speculation based on hearsay. Said speculation forms no basis for an evidentiary determination of present value of probable future compensation benefits which respondent is no longer obligated to pay as a result of petitioner’s recovery. Respondent has offered no competent testimony to refute the figures provided by petitioner.
The Law Revision Commission had advocated apportionment for years before the enactment of chapter 190 in 1975. In its recommendation to the 1975 Legislature (McKinney’s Session Laws of NY, 1975, pp 1551-1554), the Commission cites two principal reasons for its support of apportionment. First, where employees recovered in third- *818 party actions, the carrier was indirectly benefited by receiving the amount of his lien from the employee’s recovery while not having contributed to the costs of litigation. Second, after attorney’s fees and the carrier’s lien were deducted from the recovery in the third-party action, there remained, in some cases, very little of the recovery for the employee. Fairness, according to the Commission, required that the carrier contribute an “equitable share” (emphasis supplied) towards litigation expenses, including attorney’s fees. As to the method by which these expenses were to be apportioned, the Commission stated a preference for the “practical, flexible” approach of equitable apportionment by the court which had the third-party action before it. The Commission expressly favored this equitable approach over a rigid statutory method of apportionment. The Kelly opinion (supra) cites the Law Revision Commission’s recommendation with approval and states: “This concept [of equitable apportionment] was purposely adopted to avoid ‘rigid statutory formulas’ and to implement a ‘practical and flexible’ approach towards ensuring that a compensation carrier assumes its fair share of the costs of litigation” (Matter of Kelly v State Ins. Fund, supra, at p 138). Indeed, the 1975 amendment prescribes no rigid formula. If the trial court is to apportion expenses equitably, a rigid formula would certainly confound that purpose, whether the formula is set out in a statute or a court opinion. A court cannot act with equity as to the particular parties before it if it must follow a formula found to be equitable under other circumstances, or one set of facts.
Respondent relies on Becker v Huss Co. (43 NY2d 527), for the principle that equitable apportionment requires analysis of the circumstances of the particular case, rather than adherence to a formula. The court, in Becker v Huss Co. (supra), held that equitable factors particular to the circumstances be considered. Included among such factors are “the reasonableness of the lawyer’s retainer and whether it was improperly influenced by the expectation that the lienor would be sharing in the burden of that fee, the fact that recovery was unusually simple or liability especially clear, and any other equitable circumstances.” (Becker v Huss Co., supra, at p 543.)
*819 The respondent, further, relies on Castleberry v Hudson Val. Asphalt Corp. (70 AD2d 228), wherein the court rejected an apportionment scheme which completely consumed the carrier’s lien by means of a formula which included in the calculations, the future benefits saved by the carrier as a result of the settlement with the third-party tort-feasor.
In Kelly (supra), a wrongful death workers’ compensation case and United States Fid. & Guar. Co. v 38 East 29 St. (60 NY2d 799), a nondeath case, the Court of Appeals held that in equitably apportioning litigation costs between plaintiff and the carrier, the court should consider the total benefit the carrier has derived from the recovery, including any relief from the future obligation to make compensation payments. In so doing, the Court of Appeals upheld the line of cases that had disagreed with or distinguished the majority opinion in Castleberry v Hudson Val. Asphalt Corp. (supra) (see O’Connor v Lee Hy Paving Corp., 480 F Supp 716; Cox v Belmont Iron Works, 104 Misc 2d 801; Matter of Di Meglio v Hartford Ins. Co., 116 Misc 2d 191; the lower court Kelly and United States Fid. & Guar. Co. decisions, 110 Misc 2d 356, and 111 Misc 2d 672, respectively).
This court does not adopt the method of calculation utilized in Kelly (supra), as a rigid formula to be used in all cases, but only because after the consideration of all factors, it is just as applicable and equitable in the present case as it was in Kelly. That method of calculation is as follows:
Attorney’s fees & disbursements _ Equitable apportionment Total Recovery Total Carrier Benefits
Carrier payout less equitable apportionment = carrier entitlement.
Applying the above formula to the facts before this court in the instant case:
$ 366,667 _ Equitable apportionment
$1,100,000 $342,338
The total recovery is, of course, $1,100,000; attorney’s fees are computed at 331/s%. The total carrier benefit is the amount of the lien, plus interest ($64,016), plus the value *820 of discounted future payments to petitioner ($278,322). The equitable apportionment which is an offset against the lien is $114,112.67.
The conclusion herein, that the offset exceeds the lien, is not abhorrent to this court. The factual pattern occasioning the large settlement is based on a severe injury to an 18-year-old youth, totally disabling him and making him a candidate for ongoing seizure problems during his normal life expectancy. The respondent should contribute to attorney’s fees in proportion to the total benefits it derived from the recovery in settlement. The equitable apportionment exceeds the lien because the benefits the carrier receives, through the extinguishment of future payments it was otherwise required to make, are substantial.
Respondent’s contentions that this litigation has “dragged out” for five and one-half years and that petitioner had an interest in prolonging the third-party action in order to shift the maximum amount of the expenses to the carrier, are without merit. This was a very complicated products liability action which was prosecuted by petitioner with due diligence. Respondent’s contention that the foregoing equitable apportionment will become an inducement to the trial bar to prolong litigation is totally unfounded.