■ Avis W. MARTIN, Individually and as Executrix of EUGENE C. MARTIN, Deceased, Respondent, v AGWAY PETROLEUM CORPORATION et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant. STATE INSURANCE FUND, Appellant.—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: As workers' compensation carrier for plaintiff's decedent's employer, appellant State Insurance Fund paid decedent the sum of $23,040 in disability and wage benefits and $109,362.10 in medical benefits. Following decedent's death, appellant paid an additional $62,442.63 in death benefits and funeral expenses to plaintiff, decedent's widow, and became obligated to pay

plaintiff future death benefits of $171.66 per week. During trial of plaintiff's third-party personal injury and wrongful death actions, plaintiff obtained a full settlement of $600,000. Five hundred seventy-five thousand dollars was allocated to the personal injury claim and $25,000 to the wrongful death claim. Appellant, as liability carrier for third-party defendant employer, did not contribute to the settlement, and would not agree to waive its workers' compensation lien in its entirety. As a result of that dispute concerning the proper amount of the carrier's lien against the settlement proceeds, plaintiff made an application pursuant to Workers' Compensation Law § 29 (1) for an order apportioning the reasonable and necessary costs and attorney's fees incurred in effecting the settlement. After Supreme Court assessed the carrier's equitable share of the costs of litigation against the carrier's total lien, it reduced the carrier's net lien in its entirety. We conclude that such assessment and reduction were erroneous.

Initially, the court erred in treating the settlement for the personal injury action and that for the wrongful death action as one amount for the purpose of determining the lien and offset rights of the carrier. The two causes of action are separate and distinct (see, Matter of Schwabacher v International Salt Co., 272 App Div 173, affd 298 NY 726; see also, Matter of Petterson v Daystrom Corp., 17 NY2d 32, 40; Matter of Cresci v Krasilousky Trucking Co., 5 AD2d 569, overruled on other grounds Matter of McDowell v La Voy, 63 AD2d 358, affd 47 NY2d 747).

The portion of the third-party settlement allocated to plaintiff's wrongful death claim was $25,000. Since appellant had already paid death benefits in the amount of $62,442.63, its lien exceeds plaintiff's recovery; thus, this portion of the recovery must be treated as a deficiency case. In such case, the carrier assumes the entire cost of obtaining the recovery and is entitled to recover the net amount remaining after deducting the cost of obtaining the recovery (Matter of Kelly v State Ins. Fund, 60 NY2d 131, 138-139). Allocating attorney's fees and disbursements of $8,824.91 to the wrongful death action and deducting that amount from the $25,000 recovery leaves a net lien of $16,175.09 which appellant is entitled to recover.

The portion of the settlement allocated to the personal injury claim is $575,000. The total litigation costs allocable to this action are $202,973.05. Appellant has paid $132,402.10 in disability, wage and medical benefits. Deducting its proportionate share of attorney's fees and disbursements, appellant

is entitled to recover $85,664.61 as its net lien against the personal injury settlement.

Applying a strict mathematical formula, appellant is entitled to recover the following lien amounts:

| | |
|---|---|
| Net lien against wrongful death action | $ 16,175.09 |
| Net lien against personal injury action | 85,664.61 |
| Total net lien | $101,839.70 |

The determination of the amounts constituting equitable apportionment of costs has been left to the courts *(Matter of Kelly v State Ins. Fund, supra,* at 138). In amending Workers' Compensation Law § 29 (1) to provide for allocation of litigation costs between the employee and the carrier, the Legislature purposely adopted the equitable apportionment concept to avoid " 'rigid statutory formulas' " and to implement a " 'practical and flexible' " approach towards ensuring that a compensation carrier assumes its fair share of the costs of litigation *(Matter of Kelly v State Ins. Fund, supra,* at 138). Nonetheless we perceive no equitable factors in this case that would justify reducing the carrier's net lien in its entirety. One of the factors that the trial court considered in canceling the carrier's lien was the role that it played as liability carrier for decedent's employer during the course of settlement negotiations. The fact that a compensation carrier may wear a second hat as a liability carrier is irrelevant in determining the benefit it should receive from an employee's recovery in a third-party action *(Matter of Kelly v State Ins. Fund, supra,* at 141). Thus, the employee's right to equitable apportionment of litigation costs should be unaffected by the fact the compensation carrier is also the liability carrier. Furthermore, the court improperly took into consideration the fact that a companion medical malpractice action resulted in no cause of action. Finally, we do not regard cancellation of the carrier's lien as justified by the complexity of the third-party litigation.

The dissent proposes to remit the matter to the trial court for equitable apportionment of costs; however, no equitable factors appear in the record and the dissent does not identify any. Therefore, we find that appellant is entitled to recover the sum of $101,839.70. We further find that decedent's widow is entitled to recover those death benefits that were previously ordered returned to the carrier, and also is entitled to receive future death benefits.

All concur, except Callahan, J. P., who dissents and votes to modify the order and remit the matter for further proceedings, in the following memorandum.

Callahan, J. P. (dissenting). While I agree that Supreme Court erred in equitably reducing State Insurance Fund's lien in its entirety, the courts are not limited to a strict mathematical reduction. In my view, some allocation should be made for an equitable apportionment. The determination of what constitutes equitable apportionment of costs has been left to the courts *(Matter of Kelly v State Ins. Fund,* 60 NY2d 131, 138). In amending Workers' Compensation Law § 29 (1) to provide for allocation of litigation costs between the employee and the carrier, the Legislature purposely adopted the equitable apportionment concept to avoid " 'rigid statutory formulas' " and to implement a " 'practical and flexible' " approach towards ensuring a compensation carrier assumes its fair share of the costs of litigation *(Matter of Kelly v State Ins. Fund, supra,* at 138). Thus, this matter should be remitted to Supreme Court for an equitable apportionment pursuant to the principles enunciated in *Matter of Kelly v State Ins. Fund (supra).* (Appeal from order of Supreme Court, Monroe County, Patlow, J.—workers' compensation lien.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ. *[See,* 143 Misc 2d 627.]