Emmett L. TURNER, Plaintiff,

v.

NIAGARA FRONTIER TRANSPORTATION AUTHORITY and City of Buffalo, Defendants.

No. 87–CV–397C.

United States District Court, W.D. New York.

Feb. 7, 1994.

Weissfeld, Weissfeld & Weissfeld (Richard Weissfeld, of counsel), Buffalo, NY, for plaintiff.

Smith, Murphy and Schoepperle (Frank G. Godson, of counsel), Buffalo, NY, for Hartford Ins. Co.

## DECISION AND ORDER

CURTIN, District Judge.

### *BACKGROUND*

This is an action brought by plaintiff Emmett L. Turner against Hartford Accident & Indemnity Company ("Hartford") pursuant to a settlement in this court between plaintiff and his employer, Niagara Frontier Transportation Authority ("NFTA") and the City of Buffalo, the other defendant. As NFTA's insurance carrier, Hartford provided liability insurance limited to $100,000 and workers' compensation coverage.

Mr. Turner was working aboard a vessel leased by the NFTA from the City of Buffalo when he slipped and fell, sustaining severe permanent injuries. He applied for state workers' compensation and also filed an action in negligence and unseaworthiness under general maritime law and the Jones Act, 46 U.S.C.A.App. § 688 against the NFTA and the City of Buffalo. *See Turner v. NFTA, et al.,* 748 F.Supp. 80 (W.D.N.Y.1990).

The parties signed a settlement agreement on October 30, 1992, which sets forth the monies due the plaintiff from all defendants in return for releases. See Item 63, Ex. A. The agreement left open the question of which statute applies to the availability of attorney fees—the maritime laws in Admiralty Court or the provisions of the New York State Workers' Compensation Act.

The sole issue before this court is whether Hartford, the compensation insurance carrier for NFTA at the time of plaintiff's accident, must pay attorney fees to Turner out of a lien created by the Workers' Compensation Act to return monies paid in compensation prior to a judgment or settlement. Plaintiff claims that § 29(1) entitles him to attorney fees not only for past medical costs and indemnity, which he has apparently received, but also for the future payments which the indemnifier is saved from paying. Plaintiff seeks an order apportioning approximately $900,000 of the $1,060,296.30 lien now held in escrow for these additional attorney fees.

Hartford contends that because Turner settled his suit in admiralty court under maritime law and the agreement provided for $1,881,720.60 in attorney fees for plaintiff, Turner cannot pursue any further remedy under the State Workers' Compensation system. As part of the settlement, Hartford agreed to accept only two-thirds of the total lien money of $1,590,444.40 it already paid Turner in compensation "without . . . waiving any of its rights or conceding in any way that said payments to Turner constituted payments required under the Workers' Compensation Law. . . ." Item 63, Ex. C; Item 67, ¶¶ 6 & 7. Hartford now argues that this settlement under maritime law means it was never obligated to compensate Turner and certainly has not been "saved" from paying any future compensation, as alleged by the plaintiff.

In the alternative, Hartford argues that even if the settlement payment could be regarded as governed by the State Workers' Compensation Act, authorization under § 29(1) to deduct attorneys fees from Hartford's lien only applies to judgments and settlements resulting from third-party action. Since NFTA, the primary settlor, was Turner's employer, the settlement could not be characterized as resulting from a third-party action and is therefore not covered by this section.

### *DISCUSSION*

Plaintiff argues that because his action was subject to the New York State Workers'

Compensation Law ("WCL"), he is entitled under § 29(1) of that law to have the court deduct from Hartford's lien on his settlement an equitable share of the future costs he has relieved Hartford from paying by agreeing to settle his claim. Item 63, Weissfeld Aff. ¶ 8; Item 74. Hartford has agreed to waive one-third of its lien in favor of the plaintiff to cover costs and attorney fees incurred in securing the settlement which ended its obligation to pay workers' compensation. However, it refuses to pay those costs relative to its relief from future payments. Plaintiff cites *Kelly v. State Insurance Fund*, 60 N.Y.2d 131, 468 N.Y.S.2d 850, 456 N.E.2d 791 (1983), in support of his assertion that he is entitled to an equitable apportionment of Hartford's lien against his settlement money for costs and attorney fees he incurred in relieving the defendant of all future compensation payments.

Hartford contends that the settlement was reached in admiralty court under maritime law, precluding coverage of the WCL. Item 66 at 3–4. Hartford argues that it had never waived its right to contest the question of whether Turner's claim was subject to WCL and that, absent an express joint waiver under WCL § 113, it cannot be held to have done so, especially in light of a previous order in this court determining that no such waiver had occurred. *Turner*, 748 F.Supp. at 85. Moreover, Hartford claims it won a declaratory judgment in a separate state proceeding that it had not waived any of its rights to contest the question of whether NFTA and Turner are subject to the State's WCL, collaterally estopping all parties to this suit from raising the issue again. Item 67 ¶ 12.

Hartford maintains that absent this waiver, the court must declare that the settlement was reached pursuant to maritime law and not subject to the WCL. Thus, WCL § 29, which established a lien against the settlement and specifies the extent of repayment to Hartford as compensation carrier, is inapplicable. Instead, the court must read the terms of the settlement agreement as constituting Hartford's full obligation to Turner and order that the lien money now held in escrow be returned to the insurance company.

In response, plaintiff argues that he never waived his right to either the federal or state workers' compensation remedies. *Turner*, 748 F.Supp. at 85–86. He points out that Hartford never objected to the jurisdiction of the Workers' Compensation Board prior to the settlement (Item 63, Turner Aff. ¶ 2) and that if the defendant had desired to preserve its objection, it should have done so explicitly on record before the Compensation Board. *Hilton v. Truss Systems, Inc.*, 82 A.D.2d 711, 444 N.Y.S.2d 229 (3rd Dept.1981). Item 75. He further argues that Hartford's assertion of failure to waive the jurisdictional contest over maritime claims ignores plaintiff's common law maritime and negligence claims and third-party claims against the City, which are not covered by WCL § 113.

■ The parties agree that "jurisdiction to award compensation and Jones Act jurisdiction ... do not overlap," (*Harney v. William M. Moore Building Corporation*, 359 F.2d 649, 651 (2d Cir.1966)), and argue at great length about whether the settlement was reached under maritime law or is subject to the State Worker's Compensation.[1] They seek a *post facto* judgment by this court regarding which law governs their settlement agreement. However, the court finds it unnecessary to make this determination, because a careful reading of WCL § 29 reveals that it cannot apply to this case even if the agreement as a whole was reached pursuant to state worker's compensation. Therefore, the court need not and does not reach the larger issue of which law governs the parties' settlement.

■ Section 29(1) of the Workers' Compensation Law (64 McKinney 1993) reads in pertinent part:

---

1. An amicus brief by NFTA supports plaintiff's contention that his claim is "subject to" workers' compensation based on twilight zone concurrent jurisdiction between state compensation acts and the Jones Act, a federal, fault-based statute providing relief to workers on vessels in navigable waters who are injured or killed as a result of employer or third-party negligence. However, the NFTA takes no position on whether the *Kelly* decision applies to the case at bar. Item 71.

If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another *not in the same employ,* such injured employee, or in case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation ... pursue his remedy against such other.... In such case, the ... insurance carrier liable for the payment of compensation ... shall have *a lien on the proceeds of any recovery from such other,* whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery....

(Emphasis added.) The purpose of this section is to permit an injured worker to apply for and begin receiving compensation immediately after the injury. He can then pursue any other court action involving the same injury against whatever party may be open to suit. If he recovers a settlement or judgment, the employer, state insurance fund, or compensation carrier which had been making payments may then recoup those payments up to the amount of the settlement, minus expenses and costs, including attorney's fees. The *Kelly* court included in those costs an equitable portion of the savings realized by the compensation payor which is relieved from paying future costs, reduced to present value.

However, in the instant case, the settlement was reached between the plaintiff and his employer, a scenario usually preempted by the exclusive remedy provisions of the WCL. *See* WCL §§ 11 & 29(6). NFTA and/or its insurance carrier is already committed to paying $5.4 million as a result of this settlement.[2] This amount is far more than the plaintiff could have collected under the State's Workers' Compensation Act.

Hartford had already paid $1,590,444.40 to Turner in medical costs and indemnity at the time settlement was reached and agreed to contribute one-third of that amount to the settlement proceeds. If Turner had won this settlement from a third party, under WCL § 29(1) Hartford would have a lien against the settlement minus necessary expenses and attorney's fees, not only in proportion to the amount Hartford had already paid but, following *Kelly,* the amount that Hartford saved by ending payment.

However, to apply the formula of section 29(1) in this case would result in the anomalous situation of forcing Hartford to pay Turner costs and attorney fees for winning a settlement from *itself or its own insured.* "[A] compensation carrier stands in the place of the employer and is subrogated to its rights and claims when the carrier performs its obligations under its insurance policy and pays the contractually provided for compensation benefits." *Burlew v. American Mut. Ins. Co.,* 99 A.D.2d 11, 471 N.Y.S.2d 908, 911 (4 Dept.1984) (citations omitted). The section cannot be read to mean that a settlement paid by the employer of the injured plaintiff is a third-party settlement for which the employer's compensation carrier must pay attorney fees and costs.

Plaintiff, however, argues that the presence in this suit of a third party, the City of Buffalo, as well as common-law negligence and maritime claims, served to bring the settlement under WCL § 29(1), especially since it included payment and release from the City. Hartford replies that the City only contributed $150,000, accounting for about 3 per cent of the settlement money. Therefore, it cannot fairly be termed a third-party settlement within the meaning of the statute. Item 77.

Given the attorney fees and expenses already paid to plaintiff by Hartford and NFTA as part of the settlement agreement, the court would be loathe to apportion as additional fees more than one-third of $150,000.00 which plaintiff received from the City, a *bona fide* third-party to this action, even if that amount were subject to lien by Hartford under WCL § 29. Since Hartford has al-

---

**2.** The NFTA and Hartford are currently seeking a declaratory judgment in state court over which party is responsible for paying the settlement amount.

ready agreed to contribute approximately that amount in waiving reimbursement of one-third of its compensation payments, the end result of regarding this settlement agreement as subject to maritime law or State Workers' Compensation Law are the same.

### CONCLUSION

The court declines to make a judgment about whether the settlement agreement between plaintiff Emmett Turner and defendants Niagara Frontier Transportation Authority and the City of Buffalo is subject to maritime law or New York State Workers' Compensation Law. Section 29 of the WCL, which creates a lien against settlement in favor of a compensation carrier and subjects that lien to plaintiff litigation costs and attorneys fees, has at best very limited application to the facts of the present case, because the settlement was paid almost entirely by the plaintiff's employer, of whom the compensation carrier is a subrogee, rather than a third party. Since Hartford has already agreed to contribute one-third of the amount paid in compensation to Mr. Turner prior to settlement, no additional attorney fees are owing to plaintiff under either set of laws.

So ordered.