■ HEREFORD INSURANCE COMPANY, Appellant, v JUSTICE PAI-TOU, Defendant, and ROSILLO & LICATA, Respondent. [899 NYS2d 887]—

In an action to recover the amount of a statutory lien pursuant to Workers' Compensation Law § 29 (1), the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated January 13, 2009, as granted the motion of the defendant Rosillo & Licata pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Workers' Compensation Law § 29 (1) provides in relevant part that a workers' compensation carrier is entitled to a lien on the proceeds of a personal injury action in order to reimburse it for certain payments made on behalf of an insured "after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery." Contrary to the plaintiff's contention, the documentary evidence submitted by the defendant Rosillo & Licata conclusively established that, under the circumstances presented, it did not act improperly in disbursing the settlement funds at issue (*see* CPLR 3211 [a] [1]). Moreover, the reasonable attorney's fees paid to Rosillo & Licata were not subject to the plaintiff's lien (*see* CPLR 3211 [a] [7]; Workers' Compensation Law § 29 [1]; *see generally Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 136 [1983]). Accordingly, the Supreme Court properly granted the motion of Rosillo & Licata pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. Mastro, J.P., Miller, Austin and Roman, JJ., concur. **[Prior Case History: 22 Misc 3d 1106(A), 2009 NY Slip Op 50060(U).]**