■ BARTOLOMEO MONDA, Respondent, v CITY OF NEW YORK et al., Defendants. CITY OF NEW YORK, Third-Party Plaintiff, v NORTHSTAR CONTRACTING CORP., Also Known as NORTHSTAR ELECTRICAL CONTRACTING CORP., Third-Party Defendant-Appellant. ELITE CONTRACTORS TRUST OF NY et al., Nonparty Appellants. [953 NYS2d 190]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 21, 2011, which granted plaintiff's motion to compel Elite Contractors Trust of NY (the workers' compensation carrier for third-party defendant Northstar Contracting Corporation) to consent to the settlement of his claims in this action and to extinguish its workers' compensation lien based upon its proportionate share of his attorneys' fees, unanimously affirmed, without costs.

While plaintiff's total disability was found to have been brought about 25% by a 1998 accident and 75% by the 2002 accident at issue in this action, there is no greater presumption than in any other total disability case that his disability will change in any material way in the future (see Burns v Varriale, 9 NY3d 207, 215 [2007]). Thus, the value of the future benefit to Elite from the settlement of plaintiff's claim—i.e., that Elite is relieved of its future obligation to make benefit payments to him—is no less "quantifi[able] by actuarial or other reliable means" than the value of the future benefit resulting from the settlement of any other permanent total disability claim (see id.). Therefore, in assessing Elite's proportionate share of plaintiff's attorneys' fees, the court properly considered the value of the future benefit payments that Elite will not have to pay to plaintiff (see Matter of Kelly v State Ins. Fund, 60 NY2d 131, 139 [1983]). Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.