*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016          521991
_____

In the Matter of the Claim of
    JOSEPH A. TERRANOVA JR.,
                    Appellant,

      v

LEHR CONSTRUCTION CO. et al.,                MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

                    _____


        Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for Lehr Construction Co. and another, respondents.

                    _____


Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 25, 2015, which ruled that claimant was not entitled
to ongoing payments for litigation expenses associated with a
schedule loss of use award.

        On July 7, 2009, claimant tripped over a raised floor tile
while at work and injured his right knee.  As a result, he filed
a claim for workers' compensation benefits.  In July 2010, his
case was established for a work-related injury to his right knee
and he was awarded benefits.  In May 2011, an orthopedist who

conducted an independent medical examination of claimant opined that he had a 10% schedule loss of use of his right leg.  No other workers' compensation awards were made at that time.

Meanwhile, claimant pursued a third-party action against the manufacturer of the floor tile and reached a settlement.  By letter dated March 14, 2012, claimant sought the consent of the employer and its workers' compensation carrier to the proposed settlement amount of $173,500.  Under the consent letter, claimant offered to pay the carrier $14,018.75 in satisfaction of its lien under Workers' Compensation Law § 29 (1), from which the carrier's proportionate share of litigation expenses had already been deducted, provided that the carrier agreed "that any future workers' compensation benefits [would] be subject to" the Court of Appeals' decision in Burns v Varriale (9 NY3d 207 [2007]).  Ultimately, the parties agreed to the proposed settlement and lien amounts, conditioned on their acknowledgment that the $14,018.75 lien reimbursement reflected a reduction in the carrier's lien under Matter of Kelly v State Ins. Fund (60 NY2d 131 [1983]) and that the parties reserved their rights under Burns v Varriale (supra).

Thereafter, further proceedings were conducted in claimant's workers' compensation case and a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant had a 10% schedule loss of use of his right leg for which he was entitled to 28.8 weeks of benefits.  The WCLJ further ruled that, given the proceeds received by claimant from the third-party settlement, the carrier was entitled to credit under Workers' Compensation Law § 29 (4) and no monetary award was payable to claimant.  On appeal, the Workers' Compensation Board upheld the WCLJ's finding that claimant had a 10% schedule loss of use of the right leg, but restored the case to the calendar for further development of the record on the issue of the carrier's credit under Workers' Compensation Law § 29 (4).

Following further proceedings, the WCLJ ruled that the decision in Burns v Varriale (supra) was inapplicable and that the carrier was entitled to a credit that exceeded the amount of the schedule loss of use award.  The Board upheld the WCLJ's decision, ruling that reimbursement for litigation expenses

associated with a schedule loss of use award is controlled by
Matter of Kelly v State Ins. Fund (supra) and not Burns v
Varraile (supra), and, therefore, claimant was not entitled to
ongoing payments for litigation expenses.  Claimant now appeals.

    We affirm.  Workers' Compensation Law § 29 provides that a
carrier is entitled to a lien against the settlement proceeds of
a third-party action for compensation payments already paid to a
claimant as well as credit toward payments of compensation to be
made in the future (see Workers' Compensation Law § 29 [1], [4];
Matter of Brisson v County of Onondaga, 6 NY3d 273, 277 [2006];
see also Martin Minkowitz, Practice Commentaries, McKinneys Cons
Laws of NY, Book 64, Workers' Compensation § 29 at 239-240).  The
carrier, however, is responsible for its equitable share of
litigation expenses incurred by the claimant in the third-party
action, which may be apportioned based on the total benefit that
the carrier received from the claimant's recovery (see Matter of
Kelly v State Ins. Fund, 60 NY2d at 135).  In Matter of Kelly v
State Ins. Fund (supra), the Court of Appeals held that the total
benefit received by a carrier included the "value of future
compensation payments that a carrier has been relieved of paying
due to a third-party recovery" and that, in the context of a
workers' compensation death benefit claim, such value "is not so
speculative that it would be improper to estimate and to assess
litigation costs against this benefit to the carrier" (id. at
139).  Thus, in Matter of Kelly, the carrier's lien was offset by
the percentage that the total litigation expenses bore to the
claimant's total recovery and was applied not only to past
benefits paid by the carrier but also to the present value of
benefits to be paid in the future (id. at 136).

    In contrast, Burns v Varriale (supra) involved a situation
in which the claimant had a nonschedule permanent partial
disability and the issue presented was whether he was entitled to
an apportionment of counsel fees based on the present value of
future benefits (id. at 210).  The Court of Appeals concluded
that apportionment did not apply because the carrier's future
benefit was speculative, that is, it could not be quantified or
reliably predicted (id. at 215).  In this regard, the Court noted
that the claimant's permanent partial disability did not entitle
him to weekly compensation benefits at a specific rate over his

life or over a set time period, but that his receipt of benefits was subject to variables that could change over time (id. at 217). Significantly, the Court distinguished those situations in which a claimant was awarded workers' compensation death benefits, was permanently totally disabled or obtained a schedule loss of use award, noting that the present value of future benefits could be predicably and reliably ascertained (id. at 215-216). Thus, the Court held that apportionment of counsel fees was not applicable in the case of the claimant's permanent partial disability, but that he was entitled to the carrier's equitable share of litigation costs as they accrued to be paid in a manner to determined by the trial court (id. at 217).

In view of the foregoing, we find, as did the Board, that Matter of Kelly v State Ins. Fund (supra) controls the apportionment of the carrier's equitable share of litigation expenses in a case such as this where claimant has obtained a schedule loss of use award. This result is consistent with Burns v Varraile (supra), as well as with this Court's decision in Matter of Stenson v New York State Dept. of Transp. (96 AD3d 1125 [2012], lv denied 19 NY3d 815 [2012]). Although claimant cites to a number of workers' compensation cases that he claims support a contrary conclusion, they are not dispositive in light of the foregoing judicial precedent. Therefore, the Board properly found that claimant was not entitled to ongoing payments for litigation expenses and we decline to disturb its decision.

Peters, P.J., Lahtinen, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court