■ James Hammer, Appellant, v Turner Construction Corporation et al., Respondents. State Insurance Fund, Nonparty Respondent. [833 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 3, 2006, which denied his motion to reduce the amount of a workers' compensation lien held by the nonparty State Insurance Fund.

Ordered that the order is affirmed, with costs.

After the plaintiff James Hammer settled his personal injury action against the defendants for the sum of $225,000, he proposed to the nonparty State Insurance Fund (hereinafter the SIF) that it accept one third of the settlement, less disbursements, in satisfaction of its $190,329.84 workers' compensation lien. The SIF declined, seeking, instead, the sum of $128,813.08 in satisfaction of its lien, which represented a reduction of 34.95% for its equitable proportionate share of the plaintiff's litigation costs. The plaintiff moved in the Supreme Court to reduce the amount of the workers' compensation lien held by the SIF.

Workers' Compensation Law § 29 "requires that the [workers' compensation] carrier pay for the benefits it receives as a result of a claimant's efforts in a third-party action by contributing its equitable share of the litigation expenses, including counsel fees, incurred by the claimant" (*Burns v Varriale,* 34 AD3d 59, 61 [2006]; *see Matter of Theresa M.C. v Utilities Mut. Ins. Co.,* 207 AD2d 481, 482 [1994]). "The carrier must . . . contribute the costs of litigation in proportion to the benefit it has received" (*Matter of Kelly v State Ins. Fund,* 60 NY2d 131, 140 [1983]).

Here, the SIF, in reducing its lien, deducted its equitable proportional share of the litigation costs, including disbursements and attorney's fees. Accordingly, the Supreme Court properly denied the plaintiff's motion for a further reduction of the lien amount (*see* Workers' Compensation Law § 29; *Matter of Kelly, supra* at 140).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.