■ RICHARD SPADARO et al., Appellants, v JOSE E. MEZA et al., Defendants. PACIFIC EMPLOYERS INSURANCE COMPANY, c/o

GALLAGHER BASSETT, et al., Nonparty Respondents. [953 NYS2d 667]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 5, 2011, as denied that branch of their motion which was, in effect, for a determination that nonparty respondents Pacific Employers Insurance Company, c/o Gallagher Bassett, and the Special Funds Conservation Committee have no enforceable workers' compensation lien on the settlement proceeds.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court correctly denied that branch of the plaintiffs' motion which was, in effect, for a determination that nonparty-respondents Pacific Employers Insurance Company, c/o Gallagher Bassett (hereinafter Gallagher Bassett), and the Special Funds Conservation Committee (hereinafter Special Funds), have no enforceable workers' compensation lien on certain settlement proceeds (see Workers' Compensation Law § 29; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 136 [1983]).

The injured plaintiff had two separate workers' compensation claims, one which stemmed from a 1998 work-related accident, and one which stemmed from a 2004 work-related motor vehicle accident. The workers' compensation carrier for the 2004 accident was Gallagher Bassett. In January 2007, the injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries against the defendants, who are the owners and operators of the vehicle involved in the 2004 accident. By stipulation dated February 5, 2008, it was agreed, inter alia, that Special Funds would partially reimburse Gallagher Bassett for workers' compensation payments made as a result of the 2004 claim. In an "Agreement Pursuant to Section 32 of the Workers' Compensation Law" (hereinafter the Agreement), dated November 21, 2008, the injured plaintiff received a lump sum award and waived all future compensation benefits regarding any claims stemming from both the 1998 and the 2004 accidents. The Agreement also provided that Gallagher Bassett and Special Funds reserved their right to assert their workers' compensation liens, in the amount of all benefit payments made to the injured plaintiff, on any settlement proceeds obtained in this action. In April 2010, the plaintiffs and the defendants reached a settlement in this action.

The plaintiffs claim that Gallagher Bassett and Special Funds cannot accurately establish their liens on the proceeds of said settlement because neither the Agreement nor the Workers' Compensation Board apportioned the 1998 and 2004 claims. The record, however, demonstrates that Gallagher Bassett only made benefit payments to the injured plaintiff with regard to the 2004 accident. Therefore, the plaintiffs' contention that the amount of the lien cannot be determined is without merit (*see* Workers' Compensation Law § 29 [1]; *cf. Matter of Kesick v Ulster County Self Ins. Plan*, 245 AD2d 752 [1997]). Accordingly, the Supreme Court properly concluded that the plaintiffs did not establish their entitlement to the relief requested (*see generally Matter of Soressi v SWF, L.P.*, 81 AD3d 1143 [2011]). Eng, P.J., Florio, Sgroi and Miller, JJ., concur.