Carcione v Essex Homes of WNY, Inc. (2020 NY Slip Op 00768)





Carcione v Essex Homes of WNY, Inc.


2020 NY Slip Op 00768


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1227 CA 19-00577

[*1]THOMAS CARCIONE, PLAINTIFF-RESPONDENT,
v
ESSEX HOMES OF WNY, INC., ESSEX HOMES, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 
ESSEX HOMES OF WNY, INC., AND ESSEX HOMES, INC., THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v
R.M. WICK, INC., THIRD-PARTY DEFENDANT-RESPONDENT. THE HARTFORD INSURANCE COMPANY, NONPARTY APPELLANT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON OF COUNSEL), FOR NONPARTY APPELLANT.
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (KAITLIN E. HASTINGS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
NASH CONNORS, P.C., BUFFALO (ANDREW KOWALEWSKI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered January 25, 2019. The order granted plaintiff's motion to reduce the worker's compensation lien of nonparty The Hartford Insurance Company. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking damages for an injury he sustained in a work-related accident on November 4, 2008. As a result of that injury, nonparty The Hartford Insurance Company (Hartford), the workers' compensation insurer for plaintiff's employer, paid benefits to plaintiff and claimed a lien in the amount of those payments (see Workers' Compensation Law § 29). Plaintiff moved for an order reducing the lien, and Supreme Court, in effect, granted the motion. Although it was undisputed that plaintiff had filed only one workers' compensation claim, which stemmed from the November 4, 2008 injury, and thus that Hartford had provided workers' compensation benefits solely pursuant to that claim, the court nevertheless determined that a majority of those benefits payments related to injuries plaintiff purportedly sustained after November 4, 2008, for which plaintiff had not submitted workers' compensation claims. The court therefore reduced Hartford's lien to the amount of benefits that the court determined were paid by Hartford with respect to plaintiff's November 4, 2008 injury. Hartford appeals, and we reverse.
Workers' Compensation Law § 29 (1) provides as relevant here that, if an employee has [*2]received workers' compensation benefits, the insurance carrier liable for the payment of those benefits "shall have a lien on the proceeds of any recovery from [another], whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated . . . for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of" the insurance carrier. " [S]ection 29, read in its entirety and in context, clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits' " (Matter of Beth V. v New York State Off. of Children & Family Servs., 22 NY3d 80, 91 [2013]; see Ronkese v Tilcon N.Y., Inc., 129 AD3d 1273, 1275 [3d Dept 2015], lv dismissed 28 NY3d 1045 [2016], lv dismissed 30 NY3d 1049 [2018]; see generally Spadaro v Meza, 100 AD3d 736, 738 [2d Dept 2012]). Here, as noted, it is undisputed that Hartford made payments to plaintiff solely with respect to his workers' compensation claim for the November 4, 2008 injury, and indeed that plaintiff filed no other workers' compensation claim for which benefits were paid. Once Hartford provided payments to plaintiff predicated on his claim for the November 4, 2008 injury, Hartford obtained a lien in the amount of those payments against any recovery by plaintiff in his tort action arising from that same injury (see Beth V., 22 NY3d at 91). After Hartford obtained such lien by virtue of its payments to plaintiff, "[t]he court was without authority to . . . strike, waive or reduce any portion of . . . Hartford's lien, beyond its share of the litigation expenses, including attorney's fees, so that plaintiff could recover more" (Fernandez v Toyota Lease Trust, 156 AD3d 435, 435 [1st Dept 2017]; see also Hammer v Turner Constr. Corp., 39 AD3d 705, 705 [2d Dept 2007]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court