Leak v Mungioli (2025 NY Slip Op 05228)

Leak v Mungioli

2025 NY Slip Op 05228

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-09804
 (Index No. 606001/21)

[*1]Robin Leak, respondent, 
v
Paul Mungioli, et al., defendants; Hicksville Union Free School District, nonparty-appellant.

Marschhausen & Fitzpatrick, P.C., Hicksville, NY (Kevin P. Fitzpatrick of counsel), for nonparty-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Hicksville Union Free School District appeals from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated May 21, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to amend a consent letter dated November 15, 2023, settling the plaintiff's claims against the defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to amend the consent letter dated November 15, 2023, settling the plaintiff's claims against the defendants is denied.
In May 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries she alleged she sustained during the course of her employment with Hicksville High School. While the action was pending, the plaintiff received workers' compensation benefits from the workers' compensation carrier, Hicksville Union Free School District (hereinafter the carrier). After mediation, the plaintiff received a settlement offer in the amount of $995,000. The plaintiff then sought the consent of the carrier to accept the settlement.
After the parties could not agree as to certain language of a consent letter dated November 15, 2023, the plaintiff moved, inter alia, pursuant to Workers' Compensation Law § 29 to amend that letter by directing the carrier to delete its proposed language regarding its calculation of the plaintiff's legal fees as part of the settlement agreement and substitute therefor language proposed by the plaintiff. In an order dated May 21, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The carrier appeals.
"Workers' Compensation Law § 29 requires that the workers' compensation carrier pay for the benefits it receives as a result of a claimant's efforts in a third-party action by contributing its equitable share of the litigation expenses, including counsel fees, incurred by the claimant" (Hammer v Turner Const. Corp., 39 AD3d 705, 705 [alteration and internal quotation marks omitted]). "The purpose of this provision is to 'stem the inequity to the claimant[ ], arising when a carrier benefits from an employee's recovery while assuming none of the costs incurred in obtaining the recovery, and to ensure that the claimant receives a full measure of the recovery proceeds in excess of the amount of statutory benefits otherwise due the claimant'" (Burns v [*2]Varriale, 9 NY3d 207, 213-214, quoting Matter of Kelly v State Ins. Fund, 60 NY2d 131, 138). "The carrier must . . . contribute the costs of litigation in proportion to the benefit it has received" (Matter of Kelly v State Ins. Fund, 60 NY2d at 140; see Hammer v Turner Const. Corp., 39 AD3d at 705).
The Supreme Court should have denied that branch of the plaintiff's motion which was to amend the consent letter by, inter alia, substituting the plaintiff's proposed language in the consent letter, as, among other things, the calculation in the plaintiff's proposed language would result in the plaintiff's legal fees being paid twice.
In light of our determination, we need not reach the carrier's remaining contentions.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court